PER CURIAM.
Appellee sought a declaratory judgment that as an owner of certain property located within Turtle Beach condominium property, it had certain egress/ingress rights under an easement created by virtue of the Declaration of Condominium filed in 1984. The trial court entered final summary judgment in appellee’s favor concerning the easement and further adjudged that:
The owners of said units shall be entitled to be serviced by the waste water treatment plant, provided that such owners shall pay their pro rata share of the *283 costs and expenses incurred in the operation, maintenance and repair of the waste water treatment plant and appurtenances thereto.
Appellant raises two points on appeal. We write only to briefly address appellant’s contention that the trial court disregarded section 718.403, Florida Statutes (Supp.1984), and thus erred in giving the bank easement rights over all the common elements of the condominium. We hold that the trial court’s rulings do not violate section 718.403. Furthermore, appellee correctly states in its. brief that:
Unlike the rights granted to all members of the condominium association (whether in the condominium’s original property, or in any phases to be added later), these rights did not include unlimited use of all common amenities such as swimming pool, cabana and tennis courts, as inferred in Appellant’s Brief.
The final judgment provides, in pertinent part, for “[a]n easement over, through and across paved areas of the common elements, except parking spaces ... exists for pedestrian purposes across all of the common elements of the Turtle Beach Condominium....” (Emphasis supplied.) Article XVIII, section 17B of the Declaration of Condominium provides:
The Condominium Association and its members, the Developer and its successors, assigns and designees, by virtue of the execution of this Declaration and Exhibits are hereby granted an easement over, through and across the paved areas of the common elements, except parking spaces, for vehicular and pedestrian purposes. The aforesaid parties are further granted a pedestrian easement over and across the common elements.
Because the language of the final judgment contains a variation from the language of section 17B, we reverse the final judgment in part and remand with directions to the trial court to correct the final judgment to conform to the precise language in that section. We affirm the final judgment in all other respects.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
DELL, GUNTHER and TAYLOR, JJ., concur.